Selwyn D. Whitehead, SBN 236391
Law Offices of Selwyn D. Whitehead
4650 Scotia Avenue
Oakland, CA 94605
Phone: 510.632.7444
Fax: 510.856.5180
selwynwhitehead@yahoo.com

Attorney for Creditor
CRYSTAL DELLIGATTI

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 11-31854 TEC |
| | R.S. No: SDW-002 |
| | Chapter: 13 |
| VISTAPOST, LLC, A DELAWARE LIMITED LIABILITY COMPANY, | |
| Debtor. | **MOTION FOR RELIEF FROM STAY** |
| | **[11 U.S.C. §§ 362 and 1325, 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rule 4001]** |
| CRYSTAL DELLIGATTI, | |
| Movant | **HEARING:** |
| | **Date: August 31, 2011** |
| v. | **Time: 1:00 PM** |
| | **Place: U.S. Bankruptcy Court** |
| | **235 Pine Street, 23rd Floor** |
| VISTAPOST, LLC, A DELAWARE LIMITED LIABILITY COMPANY, | **San Francisco, CA 94104** |
| Respondent. | *The Honorable Thomas E. Carlson* |

**TO: THE HONORABLE THOMAS E. CARLSON, JUDGE OF THE UNITED STATES BANRUPTCY COURT, THE UNITED STATES TRUSTEE, THE CHAPTER 7 TRUSTEE, ANDREA A. WIRUM, TRUSTEE'S COUNSEL, DEBTOR, DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES:**

**COMES NOW**, this 28th day of July, 2011, Movant Crystal Delligatti, hereinafter ("Movant") by and through her counsel of record, Selwyn D. Whitehead, Esq., and hereby files this Motion For Relief From Stay, alleging the following in support thereof:

## COUNT I – RELIEF FROM STAY – CAUSE – BAD FAITH

Case: 11-31854   Doc# 9   Filed: 07/28/11   Entered: 07/28/11 16:12:02   Page 1 of 11

1.     This court has jurisdiction over the subject matter of this Motion pursuant to provisions of 28 United States Code §§ 157, 1334, and 11 United States Code §§ 362 and 1325.

2.     The Debtor/Respondent is VistaPost, LLC, a Delaware Limited Liability Company, with an address of 383 Beach Road, CA 94010.

3.     The Movant is Crystal Delligatti, by and through her counsel of record, Selwyn D. Whitehead, Esq., with an address of 4650 Scotia Avenue Oakland, CA 94605.

4.     The Debtor filed for protection under Chapter 7 of the United States Bankruptcy Code on May 12, 2011.

5.     On June 18, 2010, Movant filed her complaint for hostile environment sexual harassment, failure to prevent discrimination and harassment, retaliation and wrongful termination in violation of public policy in the Superior Court of the State of California for the Count of San Mateo, as Case No. CIV 496101.  Andrew M. Agtagma, Esq. represents the Movant in her State Court proceeding.  The following brief procedural chronology is stated in support of Movant's contentions:

a.     Sturt-Penrose, both in his capacity as an individual and as an officer and/or officer and/or managing partner of VistaPost, answered the complaint on August 6, 2010, and in the ensuing months, the parties exchanged various written discovery requests. Additionally, Sturt-Penrose both in his capacity as an individual and the officer and/or managing partner of VistaPost, commenced Movant's deposition on October 20, 2010 and completed it on November 19, 2010.

b.     After the initial case management conference, which was also on October 20, 2010, the parties agreed to mediate the case.  Mediation was scheduled with Arthur Siegel, Esq. on March 28, 2011.  In recommending that only a half-day mediation be scheduled—as opposed to a whole-day mediation—defense counsel, Derrick Sturm Esq., remarked that the mediation "shouldn't take long."

c.     The import of this comment became clear a week prior to the mediation, when Sturm informed Movant's Counsel Agtagma that Sturt-Penrose's corporation, VistaPost intended to file bankruptcy later that week.  Sturm stated that Sturt-Penrose was considering bankruptcy as well.  The mediation came and went without the parties settling the case.

d.     Movant noticed the deposition of Sturt-Penrose, both in his capacity as an individual and as the officer and/or managing partner of VistaPost, to take place on April 11,

Case: 11-31854     Doc# 9     Filed: 07/28/11     Entered: 07/28/11 16:12:02     Page 2 of 11

2011, after it was clear that Sturt-Penrose was not serious about trying to settle the case at mediation. The day before the deposition, when Movant's Counsel Agtagma called to confirm Sturt-Penrose's deposition, defense counsel asked to have the deposition rescheduled. It was rescheduled for April 27, 2011. During the April 27, 2011 deposition, Sturt-Penrose reiterated that VistaPost would be filing bankruptcy "within 48 hours." He reiterated throughout that VistaPost was no longer in operations, but testified that he was now working for a company that he called "Nova Group."

      e.    Sturt-Penrose denied that this latter company is a continuation of the former, but during his deposition, he admitted that the new company is located at the same address, hired three-fourths of VistaPost's staff when it took over, and retained some of the same clientele. A subsequent investigation identified the new company as Novavista Fulfillment, L.L.C. ("Novavista").

      f.    A mandatory settlement conference was held on May 12, 2011 before the Honorable Steven Dylina of San Mateo Superior Court. At the conference, Movant's Counsel Agtagma informed Defense Counsel Sturm that Movant would seek leave to amend the complaint to add Novavista as a defendant. Sturm responded that the new company would be winding down as well, even though it had only begun operations a few months earlier. Sturt-Penrose also reiterated that a bankruptcy petition was being filed that day. Judge Dylina asked Sturt-Penrose to fax proof of the bankruptcy filing to the Court and had the parties wait until it was received. Judge Dylina let the parties go after one hour, despite not having received the requested fax.

      g.    The following day, Movant's Counsel Agtagma received a notice of stay as the result of VistaPost's Chapter 7 bankruptcy filing. The trial, which was scheduled on May 31, 2011, was vacated accordingly. (Co-Defendant Sturt-Penrose then filed his Chapter 13 petition a few weeks later on May 27, 2011.)

    6.    These acts support Movant's contention that Debtor filed bankruptcy for the sole purpose of eliminating the debtor's obligation to pay Movant for the pending Hostile Environment, Sexual Harassment, Failure To Prevent Discrimination And Harassment, Retaliation And Wrongful Termination In Violation Of Public Policy Litigation; a clear showing of bad faith.

    7.    Debtor caused willful and malicious injury to another entity or to the property of

Case: 11-31854   Doc# 9   Filed: 07/28/11   Entered: 07/28/11 16:12:02   Page 3 of 11

another entity, namely the Movant. Willful and malicious injury is evident to the Movant by not only the filing of Debtor's business bankruptcy but also the personal bankruptcy filing of the Co-Defendant Debtor, Edward P. Sturt-Penrose and Co-Debtor Heather L. Gibbons, which was filed on May 27, 2011, Northern District Case Number 11-32059, and the fact that the new company, Novavista would be winding down as well, even though it had only begun operations a few months earlier.

8. The dissolution of VistaPost and the filing of the personal chapter 13 of Co-Defendant Debtor Strut-Penrose shields VistaPost and the personal Debtors from the lawsuit, thereby eliminating any of the Debtors in either of the bankruptcies from their obligation to settle with Movant for the pending Hostile Environment, Sexual Harassment, Failure To Prevent Discrimination And Harassment, Retaliation And Wrongful Termination In Violation Of Public Policy Litigation.

9. The filing of a bankruptcy petition automatically stays "the … continuation… of a judicial.. or other action or proceeding against the debtor that was…. commenced before the commencement of the case under this title..." 11 U.S.C. §362(a)(1). But the bankruptcy court can grant relief from the stay for "cause." 11 U.S.C. §362(d)(1). Whether sufficient cause exists is within the court's discretion based on the facts of each case. *In re Delaney-Morin*, 304 B.R. 365, 369 (9th Cir. BAP 2003). "'Cause' is an intentionally broad and flexible concept…" *In re Brown*, 311 B.R. 409, 412-13 (E.D. Pa. 2004).

> Factors to consider in determining whether the automatic stay should be modified for cause include: (1) an interference with the bankruptcy; (2) good or bad faith of the debtor, (3) injury to the debtor and other creditors if the stay is modified; (4) injury to the movant if the stay is not modified; and (5) the relative proportionality of the harms from modifying or continuing the stay.

*In re A Partners LLC*, 344 B.R. 114, 127 (B.R. ED CA 2006) (emphasis added).

Bad faith can be sufficient to justify relief from the automatic stay for cause, although other factors might, in a specific case, mitigate against lifting the stay. But "bad faith" means "an abuse of the bankruptcy process [that] is offensive to the integrity of the bankruptcy system." *In re Yukon Enterprises Inc.*, 39 B.R. 919, 922 (B.R. CD Cal 1984). Attempts to use the bankruptcy system to thwart creditors would qualify as bad faith.

10. Here, granting Movant's lift stay motion will not interfere with Debtor's chapter 7

Case: 11-31854    Doc# 9    Filed: 07/28/11    Entered: 07/28/11 16:12:02    Page 4 of 11

case. To the contrary, Debtor has listed Movant's pending state court action on its Schedule F as a contingent, unliquidated, disputed claim. As such, allowing this matter to be fully litigated in state court will result in either a liquidated nondischargeable debt if the Movant prevails or no debt at all if the Debtor prevails. In either case, there will be no additional burdens to either the Debtor or its other creditors in the pending chapter 7, while there will be irreparable harm to Movant if the stay is not lifted. Finally, as has been stated above, Debtor has shown it's bad faith by filing the bankruptcy to defeat Movant's pending state court litigation.

11. By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1) for cause. If Movant is not permitted to continue the above-mentioned pending state court litigation, Movant will suffer further irreparable injury, loss and damage. Granting said Motion for Relief for continuance of the state court litigation will curtail additional suffering, further irreparable injury, loss and damage.

## COUNT II – RELIEF FROM STAY – CAUSE – CONGRESSIONAL POLICY FAVORING PLAINTIFF'S CHOICE OF FORUM

12. 11 U.S.C. Sec. 362(d)(1) allows relief from the automatic stays provided by § 362(a) for "cause." "Because there is no clear definition of what constitutes 'cause', discretionary relief from the stay must be determined on a case by case basis." In this case, several factors constitute "cause." Most notably, the clear congressional policy to give state law claimants a right to have claims heard in state court. See 28 U.S.C. §1334(c). See *In re Castlerock Props.*, 781 F.2d 159 (9th Cir. 1986). And that right to have matters decided in state court becomes mandatory were the action in question concerns a personal injury tort. See 28 U.S.C. §157(b)(2)(O). An analogy to the bankruptcy court's abstention and remand analysis process is appropriate here.

13. Bankruptcy Courts **may**, and sometimes **must** abstain from hearing disputes that are only tangentially related to the bankruptcy case. (See 28 U.S.C. §1334(c); *In re Tucson Estates, Inc.* 9th Cir 1990 912 F.2d 1162, 1169.).

### A. Discretionary Abstention Under 28 U.S.C. §1334(c)(1)

14. Discretionary abstention under § 1334 applies to both core and noncore proceedings. (See 28 U.S.C. §1334(c)(1) – court may abstain from hearing proceedings "arising under title 11 or arising in or related to a case under title 11").

Case: 11-31854    Doc# 9    Filed: 07/28/11    Entered: 07/28/11 16:12:02    Page 5 of 11

A bankruptcy court may not abstain from hearing a particular action unless the action is currently pending in state court. The grounds for discretionary abstention are found where: (1) the effect (or lack thereof) on efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable law; (4) the presence of a related proceeding commence in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to jury trial; and (12) the presence in the proceeding of nondebtor parties. (*In re Tucson Estates, Inc.* 912 F.2d 1162, 1167 (9th Cir. 1990); *In re Eastport Assocs.* 935 F.2d 1071, 1075-1076 (9th Cir. 1991); *In r Lazar* 200 B.R. 358, 372 (CD CA 1996)).

At bottom, the question is committed to the sound discretion of the bankruptcy judge. *McCarthy v. Prince(In re McCarthy)*, 230 B.R. 414, (9th Cir. BAP 1999). According to the Honorable Leslie Tchaikovsky (Retired), among other authorities, "cases decided under the abstention statute are persuasive authority for determining whether a removed action should be remanded [or allowed to proceed in state court by lifting the stay]." *Lorence v. Pepler (In re Diversified Contract Services)*, 167 B.R. 591, 596 (ND CA 1994). The factors that must be considered for remand or abstention in this instance are the same. They are:

     a.    the court's duty to decide matters properly before it;

     b.    the plaintiff's choice of forum as between state and federal courts;

     c.    the nature of the claim or claims, that is, whether purely state law matters which could be better addressed by the state court are involved;

     d.    prejudice to involuntarily removed parties;

     e.    comity considerations;

     f.    economical and/or duplicative use of judicial resources; and,

     g.    effect a remand decision would have on the efficient and economic administration of the estate. *Gorse v. Long Neck Ltd., (Matter of Long Neck, Ltd.)*, 107 B.R. 479

Case: 11-31854    Doc# 9    Filed: 07/28/11    Entered: 07/28/11 16:12:02    Page 6 of 11

(D DE 1988); see also *In re Marathon Home Loans* 96 B.R. 296, 300 (ED CA 1989) (recognized equitable ground include fairness, judicial economy, forum non conveniens, prompt and final resolution of disputes, and respect for state courts on question of state law).

15.     Here, Movant's has selected the state court as her forum of choice.  The proceeding is in question involves matters that are purely state law questions – Hostile Environment, Sexual Harassment, Failure To Prevent Discrimination And Harassment, Retaliation And Wrongful Termination In Violation Of Public Policy Litigation.  Movant is prejudiced by having her state court matter, which is ready for trial, stayed in bankruptcy court. Comity favors allowing this state court litigation to proceed in state court and extracting this matter from Debtor's bankruptcy will have little if any effect on the administration of the bankruptcy estate. In sum, fairness, judicial economy, forum non conveniens, the ability for prompt and final resolution of the parties' disputes, as well as the respect for state courts on question of state law weigh in favor of lifting the stay on discretionary abstention grounds.

### B.  Mandatory Abstention Under 28 U.S.C. §1334(c)(2)

16.     Mandatory abstention is required where the proceeding in question is "based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section ... if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." (See U.S.C. § 1334(c)(2)).  Mandatory abstention under 1334 applies to proceedings commenced in state court where the court finds that: (1) the abstention motion is timely made; (2) the proceedings involves a purely state law question; (3) the proceeding is noncore and merely "related to" the bankruptcy case; (4) no independent federal jurisdiction exists for the proceeding absent filing of the bankruptcy petition; (5) an action was commenced in state court; (6) the proceeding can be timely adjudicated in state court; and, (7) jurisdiction is appropriate in state court. (*In re Lazar* CD CA 1996) 200 B.R. 358, 370; *In re Conejo Enterprises, Inc.*, 71 F.3d 1460, 1464 (9th Cir. 1995); *In re Kold Kist Brands, Inc.* (CD CA 1993) 158 B.R. 175, 178); *In re World Solar Corporation.*, 81 B.R. 603, 606 (SD CA 1988); *In re Baldwin Park Inn Assoc.*, 144 B.R. 475 (CD CA 1992).

17.     Here, Movant's motion is timely in that it is filed within two and one-half months of the bankruptcy case filing on May 12, 2011 and nine days after the continued date of the

meeting of the creditors on July 19, 2011. The proceeding Movant desires to recommence in state court involve purely state law questions – Hostile Environment, Sexual Harassment, Failure To Prevent Discrimination And Harassment, Retaliation And Wrongful Termination In Violation Of Public Policy Litigation. As such and as "personal injury torts" excepted from inclusion as a core matter in 28 U.S.C. § 157 (b)(2)(O), the litigation in question is noncore and merely "related to" the bankruptcy case and therefore, has no independent federal jurisdiction absent the Debtor's filing their bankruptcy petition. As stated above, the proceeding Movant desires to recommence was commenced in the Superior Court of the State of California for the County of San Mateo on June 18, 2010. Superior Court has the expertise to timely adjudicate the subject matter and is therefore the most appropriate jurisdiction to hear the matter.

18.    Finally, as personal injury tort and wrongful death claims are excluded from Bankruptcy Court jurisdiction, Movant's Hostile Environment, Sexual Harassment, Failure To Prevent Discrimination And Harassment, Retaliation And Wrongful Termination In Violation Of Public Policy claims must either be tried in district court or state court. See 11 U.S.C. § 157(b)(5). This special status is the result of Congress' awareness that personal injury tort and wrongful death victims do not voluntarily enter into dealings with debtors and accept the risk of loss in the same sense as traditional bankruptcy claimants. See *In re Poole Funeral Chapel, Inc*., 63 B.R. 527, 530 (ND AL 1986). Sexual harassment claims are personal injury claims within the meaning of § 157(b); *Stranz v. Ice Cream Liquidation, Inc.* (*In re Ice Cream Liquidation, Inc.*), 281 B.R. 145 (D CT). Therefore, this Court is subject to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2). Movant wishes to refer this Court to the recent Supreme Court decision of *Stern v. Marshall*, 564 U. S. ____ (2011), which reiterates The Court's prior holdings that Bankruptcy Courts are courts of limited jurisdiction. Unlike respondent Marshall, in *Stern*, Movant here neither consents to the Bankruptcy Court's jurisdiction of her pending personal injury tort, nor is she ""sandbagging' the court—remaining silent about [her] objection…" to this Court's jurisdiction. Instead, she is coming straight out, at her earliest reasonable opportunity, to inform this Court of Movant's wish to have her day in court in the forum of her choice: Superior Court of the State of California for the Count of San Mateo.

19.    Thus, Movant has provided the rationale, both for discretionary and mandatory abstention and that either basis standing alone, constituting "cause" for lifting the stay to allow the state court action to proceed to judgment in a nonbankruptcy forum. (See *In Re Universal*

Case: 11-31854    Doc# 9    Filed: 07/28/11    Entered: 07/28/11 16:12:02    Page 8 of 11

*Life Church, Inc.* 127 B.R. 453, 455 (ED CA 1991).

## **CONCLUSION**

20.      By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1) for cause. Further, if Movant is not permitted to continue the above-mentioned pending litigation, Movant will suffer further irreparable injury, loss and damage.  Granting said Motion for Relief for continuance will circumvent additional suffering, further irreparable injury, loss and damage.

WHEREFORE, Movant, Crystal Deligatti, moves that the stay pursuant to 11 U.S.C. § 362 be lifted to permit the pending Hostile Environment, Sexual Harassment, Failure To Prevent Discrimination And Harassment, Retaliation And Wrongful Termination In Violation Of Public Policy Litigation to continue and allow her to pursue any other remedies that she might have under state law with respect to recovering a claim against the Debtor that arose before the commencement of the instant bankruptcy case.

Dated:  July 28, 2011                   Respectfully Submitted,

LAW OFFICES OF SELWYN D. WHITEHEAD

/s/ Selwyn D. Whitehead, Esq.
SELWYN D. WHITEHAD, ESQ.
Attorney for Creditor
CRYSTAL DELLIGANTTI

Case: 11-31854    Doc# 9    Filed: 07/28/11    Entered: 07/28/11 16:12:02    Page 9 of 11

# CERTIFICATE OF SERVICE

I, Selwyn D. Whitehead the undersigned, declare :

I am employed in the City of Oakland, County of <u>Alameda</u>, California. I am over the age of 18 years and not a party to this action. My business address is 4650 Scotia Avenue Oakland, CA 94605. On July 28, 2011, I served the following document(s):

**(1) RELIEF FROM STAY COVERSHEET**
**(2) MOTION FOR RELIEF FROM STAY**
**(3) NOTICE OF HEARING ON MOTION FOR RELIEF FROM STAY; and,**
**(4) DECLARATION OF ANDREW M. AGTAGMA IN SUPPORT OF MOTION FOR RELIEF FROM STAY**

on each party listed below in the manner or manners described below and addressed as follows:

**Service Via U.S. Mail:**
**VistaPost, LLC, a Delaware Limited Liability Company**
383 Beach Road
Burlingame, CA 94010

Crystal Delligatti
C/O Andrew M. Agtagma, Esq.
1660 S. Amphlett Blvd,
Suite 116
San Mateo, CA 94402

**Chambers Copy**
The Honorable Thomas E. Carlson
United States Bankruptcy Court
For the Northern District of California
P.O. Box 7341
San Francisco, CA 94120
Attn:  Gordon Hom, Courtroom Deputy

**Electronic Service:**
**Lawrence L. Szabo**
Law Offices of Lawrence L. Szabo
Attorney for VistaPost, a Delaware Limited Liability Company
3608 Grand Ave. #1
Oakland, CA 94610-2024
(510) 834-4893
szabo@sbcglobal.net

**Office of the U.S. Trustee / SF**
Office of the U.S. Trustee
235 Pine St

Case: 11-31854    Doc# 9    Filed: 07/28/11    Entered: 07/28/11 16:12:02    Page 10 of 11

Suite 700
San Francisco, CA 94104
USTPRegion17.SF.ECF@usdoj.gov

**Andrea A. Wirum**
Chapter 7 Trustee
P.O. Box 1108
Lafayette, CA 94549
(415) 294-7710
trustee@wirum.com

**Dennis D. Davis**
Goldberg, Stinnett, Davis and Linchey
Attorney for Andrea A. Wirum
44 Montgomery St. #850
San Francisco, CA 94104
(415) 362-5045
ddavis@gsdllaw.com

I am readily familiar with the business practices of the Law Offices of Selwyn D. Whitehead, for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business by placing a true copy thereof enclosed in a sealed envelop via postage pre-paid, regular first class mail and/or electronic service via the Court's ECF System.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of July, 2011 at Oakland, California.

/s/ Selwyn D. Whitehead, Esq.
SELWYN D. WHITEHAD, ESQ.

Case: 11-31854   Doc# 9   Filed: 07/28/11   Entered: 07/28/11 16:12:02   Page 11 of 11